TotteN, J\,
delivered the opinion of the court.
Tins bill is brought to abate an alleged nuisance erected by defendants to the prejudice of the plaintiff’s franchise. The chancellor dismissed the bill, and the plaintiffs appealed.
These are incorporated turnpike companies. The defendant’s was chartered in 1836, and the road was completed *283 and toll gates erected thereon, denominated 1, 2, 3, 4, 5 and 6, before the plaintiff’s was chartered in 1846.
The defendant’s road intersects with the Gallatin and Nashville turnpike road, at a point ten miles north of Nashville. Erom this terminus north one mile, is gate No. 1; then at four miles from No. 1, is gate No. 2; at four miles further is gate No. 3. In 1846, gate No. 3 was consolidated with gate No. 2, and toll taken at No. 2 for both, from persons liable to pay at both.
The plaintiff’s road is ten miles long, extending from "White’s creek turnpike, with which it intersects, in a northerly direction, to defendant’s road, and intersects it at a point two miles from its southern terminus. Erom this point to Nashville it is twelve miles on either road, the distance being the same. Tire plaintiff has the right under its charter, to erect two gates; it has erected but one; near its southern terminus, coming from there to Nashville, there is one other gate on White’s creek turnpike, making two gates on this route from said twelve mile point. On defendant’s road is gate No. 1; and then on the Nashville and Gallatin road are two gates, making three gates on this latter route from the twelve mile point to Nashville. The effect of which was, that nearly all the travel quit the defendant’s road and went upon the plaintiff’s road, greatly to the injury of the defendant.
To avoid this injury, and to place the roads upon equality, the defendants erected gate No. 7, at about one quarter of a mile north of the twelve mile point, that is, north of said junction, and opened gate No. 1. Now there are but two gates on either route from that point to Nashville. But before No. 7 was erected, that is, in 1849, gate No. 1, was removed by defendants, and. erected at a point about one quarter of a mile *284 north of said junction. It was soon afterwards restored to its former position, left open, and gate No. Y erected a little further north, at the point before stated. The gate No. 7 is the alleged nuisance, which the plaintiff seeks to abate. See the following diagram:

*285 Counsel for tbe plaintiff insists that defendant lias no right to erect gate No. 'i, that it is, in effect, a mere removal of gate No. 1. That liaving elected to erect but six gates, and located No. 1 as before stated, the defendant is concluded, and has no power under its charter, to change that election, or to remove any of its gates.
In defendant’s charter, § 5, it is provided “that said corporation may establish toll gates, not exceeding seven in number, at such points as the directors may designate.” This is a right to which the defendant is entitled. It may erect a less, but not a greater number of gates, as its rights and interests may seem to authorise and require. And so as to the location of the gates; that is left to the discretion of the directory. It is a distinct and substantive provision in its charter, not controlled by the provisions in the Franklin Turnpike Charter, (which is incorporated ih this,) on the same subject, as has been insisted upon in argument. The 'provisions in the two charters in this respect, are not similar, or consistent, and cannot stand together. The defendant’s charter confers and imposes upon it, the same rights and duties as those stated in the charter of the Franklin Turnpike, except as otherwise provided for in defendant’s charter. The discretion to locate gates is one of the excepted provisions.
As to the election insisted upon, we do not think it applies, as to the number of gates. It is very reasonable to suppose a case, where the whole number permitted, would not be desirable, but only an expense, and render the stock less profitable. And yet, the owners having constructed the road and performed their undertaking with the public, , are entitled, should it *286 become tbeir interest to do so, to increase tbe number of gates to the number permitted in tbeir charter. They should not be held to have abandoned tbeir rights because it was not to tbeir interest for a time to use and enjoy them. As to the location of tbe gates, we have seen that defendant has a discretion as to that; it may elect in its discretion, to locate them at one point or another.
But tbe election being made, the discretion is determined, and the gates become fixed and immovable. In. such case, the doctrine of election applies in full force. The defendant has been permitted to locate its gates at its discretion; to that it was entitled. But the charter does not permit it to change their location; it is to the interest of the public that they be permanent; and in cases of election the rule is, “if a person once determines his election, it shall be determined forever.” Com. Dig., title, “election,” ch. 2; Co. Litt., 146, a.; State vs. Turnpike Co., 10 Con. R., 163; Turnpike Co. vs. Hosmer, 12 Con. R., 364; Griffin vs. Horn, 18 J. R., 397.
But we do not think that the case is a removal of the gate No. 1, but the location of gate No. 7. There is no question that gate No. 7 was erected and located to prevent the monopoly of all the travel on the plaintiff’s road. The attempted removal of gate No. 1 was intended to accomplish the same object.
There being now, an equal number of gates on the two l’oads, the travel will probably be equally divided, and the plaintiff^ monopoly will cease. Of this, it has no right to complain, if the defendant had the right to locate gate No. 7; and we have seen, that under its charter, it had that right. It also has the right to open *287 gate No. 1., which it probably will continue open, until plaintiff erects its gate, No. 2, which it has the right to do under its charter. Eor, it is observable, that in its bill it claims this right, though it has elected, so far at least, to erect but the one gate. It considers that it is not concluded by that election, and we think correctly; for it is not a'subject, as we have seen, to which the doctrine of election will apply.
Let the bill be dismissed.